IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:15-cv-2053 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ESTATE OF LEONARD D. MOLINE, ) | |
| DECEASED, ) | |
| DEBRA L. MOLINE, ) | |
| JESSE K. MOLINE, ) | |
| INDIANA DEPARTMENT OF REVENUE, ) | |
| and MORGAN COUNTY, INDIANA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**AMENDED COMPLAINT**

The plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401, 7402(a) and 7403(a), with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action (1) to reduce to judgment certain unpaid federal tax liabilities of Leonard D. Moline, (2) to enforce federal tax liens for the income tax years ending December 31, 2005, and December 31, 2006, against five parcels of real property located in Mooresville, Indiana that were transferred subject to the tax liens, (3) to set aside the conveyance of one parcel of real property in Mooresville, Indiana, as fraudulent as to subsequent tax years and enforce the tax liens for such years, (4) to obtain a judgment against Defendants Debra L. Moline and Jesse K. Moline stemming from subsequent transfers of parcels of real property fraudulently conveyed by Leonard D. Moline, and (5) for a determination that the United States' tax liens attach to a parcel of real property located in Navarre, Florida, currently titled in the name of Debra L. Moline.  In support of its complaint, the United States alleges, as follows:

1

**Jurisdiction, Venue, and Parties**

1. Jurisdiction over this action arises under 28 U.S.C. §§ 1331, 1340 and 1345, 26 U.S.C. §§ 7402(a) and 7403.

2. Defendant Debra L. Moline resides in Mooresville, Indiana, which is within the jurisdiction of this Court. At the time of his death, Leonard D. Moline also resided in Mooresville, Indiana.

3. Defendant Jesse K. Moline resides in Mooresville, Indiana, which is within the jurisdiction of this Court.

4. Defendant Indiana Department of Revenue is named as a defendant because it has, or may claim, an interest in the real properties with respect to which the United States seeks to enforce its tax liens and/or set aside a fraudulent conveyance.

5. Defendant Morgan County, Indiana, is named as a defendant in this case because it has, or may claim, an interest in the real property with respect to which the United States seeks to enforce its tax liens and/or set aside a fraudulent conveyance.

**The Properties**

*The First, Second, Third, and Fourth Indiana Properties*

6. By Warranty Deed dated September 5, 2000, Jack L. Williams conveyed to Leonard D. Moline four parcels of real property located in Mooresville, Morgan County, Indiana, that are legally described, as follows:

PARCEL I (the "First Indiana Property"):

> Part of the Northeast Quarter of Section 32, Township 13 North, Range 2 East, in Morgan County, Indiana, described as follows, to-wit:

> Beginning 74 rods south of the Northwest comer of the Northeast Quarter of said section; thence South 48 rods; thence. east to the East line of said tract; thence North 48 rods; thence west to the PLACE OF BEGINNING.

>    (PID #55-06-32-200-004.000-015)
>
>    Commonly known as: 6865 N. Gray Road, Mooresville. IN 46158
>
> PARCEL II (the "Second Indiana Property"):
>
>    The Southeast Quarter of Fractional Section 32, Township 13
>    North, Range 2 East, Morgan County, Indiana, containing 155.80
>    acres, more or less.
>
>    (PID #55-06-32-400-001.000-015)
>
> PARCEL III (the "Third Indiana Property"):
>
>    A Part of the Northeast Quarter of Section 32, Township 13 North,
>    Range 2 East, Morgan County, Indiana, described as follows, to-
>    wit:
>
>    Beginning at a point 122 rods South of the Northwest comer of
>    said tract~-and running East to the East line of said tract, thence
>    South to the Southeast comer of said tract, thence West to the
>    Southwest corner of said tract, thence North to the PLACE OF
>    BEGINNING, containing 38 acres, more or less.
>
>    (PID #55-06-32-200-005.000-015)
>
>    Commonly known as: 6813 North Gray Road, Mooresville, IN
>    46158
>
> PARCEL IV (the "Fourth Indiana Property")
>
>    Part of the Northeast Quarter of Section 32, Township 13 North,
>    Range 2 East, in Morgan County, Indiana, described as follows, to-
>    wit:
>
>    Beginning 74 rods south of the Northwest comer of the Northeast
>    Quarter of said section; thence South 48 rods; thence east to the
>    East line of said tract; thence North 48 rods; thence west to the
>    PLACE OF BEGINNING.
>
>    PID #55-06-32-200-004.000-015

The single deed used to convey all four above parcels was recorded on September 6, 2000, with the Morgan County Recorder, at Book 435, Page 374.

    7.    By Quitclaim Deed dated August 22, 2009, Leonard D. Moline purported to convey the First, Second, Third, and Fourth Indiana Properties to Leonard D. Moline and Debra

3

L. Moline, husband and wife.  The deed was recorded on September 1, 2009, with the Morgan County Recorder, at Document 200909156.

8. On October 21, 2009, Debra L. Moline filed a "Survivorship Affidavit" with the Morgan County Recorder, which was recorded at Document 200910957, purporting to effect the transfer of the Property to her as the survivor of Leonard D. Moline.

9. By Warranty Deed dated January 25, 2010, Debra L. Moline conveyed the Second, Third, and Fourth Indiana Properties to Jesse K. Moline, retaining title only to the First Indiana Property.  The Warranty Deed was recorded on January 27, 2010, with the Morgan County Recorder as Document 201000749.

*The Fifth Indiana Property*

10. By a Land Contract dated July 1, 2003 (the "Land Contract"), John P. Russell and Julia Ann Russell agreed to convey to Leonard D. Moline for a stated sum a parcel of real property located at 6551 N. Gray Road, Mooresville, Morgan County, Indiana (the "Fifth Indiana Property"), which is legally described, as follows:

> The Southwest Quarter of Section 32, Township 13 North, Range 2 East.
>
> EXCEPTING THEREFROM:
>
> PARCEL 1
>
> Part of the Southwest Quarter of Section 32, Township 13 North, Range 2 East, Clay Township, Morgan County, Indiana, more particularly described as follows:  COMMENCING at a stone found at the Northeast corner of the Northwest Quarter of said Section 32, thence South 00 degrees 00 minutes 00 seconds East along the East line of the Northwest Quarter and along the East line of the Southwest Quarter 4056.02 feet to a rebar with cap set at the point of beginning; thence continuing South 00 degrees 00 minutes 00 seconds East along said East line 84.53 feet to a rebar with cap; thence South 49 degrees 20 minutes 20 seconds West 371.57 feet to a rebar with cap; thence South 64 degrees 58 minutes 23 seconds West 122.95 feet to a rebar with cap; thence North 37 degrees 26 minutes 32 seconds West 384.00 feet to a

rebar with cap; thence North 532 degrees 23 minutes 18 seconds East 127.48 feet to a rebar with cap; thence South 89 degrees 33 minutes 38 seconds East along a fence line 525.76 feet to the point of beginning, containing 3.388 acre, more or less.

PARCEL 2

A 24.00 foot wide ingress and egress easement with said easement being 12.00 feet on each side of the following described centerline: COMMENCING at a rebar with cap set at the Northeast corner of the above described 3.388 acre parcel; thence North 89 degrees 33 minutes 38 seconds West along the North line of said parcel 414.67 feet to the beginning of said center line description; thence North 00 degrees 10 minutes 35 seconds West 332.44 feet; thence North 35 degrees 05 minutes 30 seconds West 34.99 feet; thence North 78 degrees 17 minutes 44 seconds West 65.94 feet; thence North 88 degrees 46 minutes 25 seconds West 304.84 feet; thence North 79 degrees 07 minutes 32 seconds West 110.58 feet; thence North 64 degrees 37 minutes 38 seconds West 51.71 feet to Gray Road, being the end of said centerline description.

ALSO TOGETHER WITH a septic field easement, which is created herein for the benefit of the above-described parcel, commencing at a rebar with cap set at the Northeast corner of the above described 3.388 acre parcel; thence North 89 degrees 33 minutes 38 seconds West along the North line of said parcel 279.26 feet to the point of beginning of said easement; thence continuing North 89 degrees 33 minutes 38 seconds West along said North line 50.00 feet; thence North 00 degrees 26 minutes 21 seconds East 90.00 feet; thence South 89 degrees 33 minutes 39 seconds East 50.00 feet; thence South 00 degrees 26 minutes 21 seconds West 90.00 feet to the point of beginning. (Prior Deed Reference recorded September 7, 1989, in Deed Record 327, page 18)

ALSO, TOGETHER WITH a water line easement, which is created herein for the benefit of the above-described parcel, commencing at a rebar with cap set at the Northeast corner of the above described 3.388 acre parcel; thence North 89 degrees 33 minutes 38 seconds West along the North line of said parcel 380.76 feet to the point of beginning of said easement; thence continuing North 89 degrees 33 minutes 38 seconds West along said North line 75.00 feet; thence North 00 degrees 26 minutes 21 seconds East 10.00 feet; thence South 89 degrees 33 minutes 28 seconds East 75.00 feet; thence South 00 degrees 26 minutes 21 seconds West 10.00 feet to the point of beginning. (Prior Deed Reference recorded September 7, 1989, in Deed Record 327, page 18).

11. By Quitclaim Deed/Assignment dated August 22, 2009, Leonard D. Moline purported to convey and assign his interest in the Fifth Indiana Property, pursuant to the terms and conditions of the Land Contract, to Leonard D. Moline and Debra L. Moline, Husband and Wife. The Quitclaim Deed/Assignment was recorded on September 1, 2009, with the Morgan County Recorder as Document No. 200909157.

12. By Warranty Deed dated October 19, 2009, John P. Russell and Julia Ann Russell conveyed the Fifth Indiana Property to Debra L. Moline. The Warranty Deed stated that it was executed "in satisfaction of an unrecorded Land Contract by and between Leonard D. Moline, as Purchaser, and John P. Russell and Julia Ann Russell, husband and wife, dated July 1, 2003. The Warranty Deed was recorded on October 21, 2009, with the Morgan County Recorder as Document 200910959.

13. By Warranty Deed dated January 25, 2010, Debra L. Moline conveyed the Fifth Indiana Property to Jesse K. Moline. The Warranty Deed was recorded on January 27, 2010, with the Morgan County Recorder as Document 201000749.

*The Florida Property*

14. By assignment dated May 30, 1996, Three "G" Company, assigned to Leonard D. Moline the remainder of a 99-year lease, which commenced on August 30, 1967, with an option to renew for an additional 99 years without any additional consideration, for a parcel of real property located at 7619 Gulf Blvd., Navarre, Florida (the "Florida Property"), which is legally described, as follows:

> Lot 19, Block 50, RESIDENTIAL SECTION 1, NAVARRE
> BEACH SUBDIVISION, as recorded in Plat Book 5 page 91 in the
> Public Records of Escambia County, Florida and Plat Book B,
> pages 90, 91 and 92 in the Public Records of Santa Rosa County,
> Florida.

15. By Quit Claim Deed dated August 22, 2009, Leonard D. Moline purported to convey his interest in the Florida Property to Leonard D. Moline and Debra L. Moline, husband and wife. The Quit Claim Deed was prepared and executed in Indiana. The Quit Claim Deed was recorded on August 25, 2009 with the Clerk of Santa Rosa County at Book 2924 Page 1485.

### Count I: Reduce Leonard D. Moline's Unpaid Tax Liabilities to Judgment

16. On the dates, in the amounts, and for the taxable periods set forth below, a delegate of the Secretary of the Treasury made assessments against Leonard D. Moline for unpaid federal income taxes, penalties, and interest, which have balances due after accounting for all payments and credits and with accruals and costs as of December 21, 2015, as follows:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount |
| --- | --- | --- | --- |
| 2005 | 06/12/2006 | Bad Check Penalty | $82.78 |
|  | 07/10/2006 | Tax Assessed | $4,966.00 |
|  | 07/10/2006 | Failure to Pre-Pay Penalty | $161.00 |
|  | 07/10/2006 | Late Payment Penalty | $59.67 |
|  | 07/10/2006 | Late Payment Interest | $67.72 |
|  | 11/17/2008 | Additional Tax Assessed | $53,199.00 |
|  | 11/17/2008 | Accuracy-Related Penalty | $10,833.00 |
|  | 11/17/2008 | Late Payment Interest | $13,415.90 |
|  | 10/17/2011 | Late Payment Penalty | $13,509.41 |
|  |  | **Unpaid Balance with Interest as of December 21, 2015** | **$96,475.45** |
| 2006 | 06/25/2007 | Bad Check Penalty | $125.18 |
|  | 07/16/2007 | Tax Assessed | $6,049.00 |
|  | 07/16/2007 | Failure to Pre-Pay Penalty | $210.00 |
|  | 07/16/2007 | Late Payment Penalty | $120.98 |
|  | 07/16/2007 | Late Payment Interest | $123.77 |
|  | 12/01/2008 | Additional Tax Assessed | $65,304.00 |
|  | 12/01/2008 | Accuracy-Related Penalty | $13,055.44 |
|  | 10/17/2011 | Late Payment Penalty | $17,256.64 |
|  |  | **Unpaid Balance with Interest as of December 21, 2015** | **$124,059.91** |
| 2007 | 09/17/2012 | Tax Assessed | $297,674.00 |
|  | 09/17/2012 | Failure to Pre-Pay Penalty | $3,842.79 |
|  | 09/17/2012 | Late Filing Penalty | $66,966.98 |
|  | 09/17/2012 | Late Payment Interest | $69,285.20 |
|  | 09/17/2012 | Late Payment Penalty | $74,407.75 |
|  |  | **Unpaid Balance with Interest as of December 21, 2015** | **$564,811.64** |

| Year | Date | Description | Amount |
|---|---|---|---|
| 2008 | 09/17/2012 | Tax Assessed | $232,470.00 |
| | 09/17/2012 | Failure to Pre-Pay Penalty | $7,469.59 |
| | 09/17/2012 | Late Filing Penalty | $52,298.33 |
| | 09/17/2012 | Late Payment Interest | $36,701.41 |
| | 09/17/2012 | Late Payment Penalty | $48,811.77 |
| | | **Unpaid Balance with Interest as of December 21, 2015** | **$425,815.10** |
| 2009 | 09/12/2012 | Tax Assessed | $112,094.00 |
| | 09/12/2012 | Failure to Pre-Pay Penalty | $2,683.75 |
| | 09/12/2012 | Late Filing Penalty | $25,220.93 |
| | 09/12/2012 | Late Payment Interest | $12,166.64 |
| | 09/12/2012 | Late Payment Penalty | $16,814.10 |
| | | **Unpaid Balance with Interest as of December 21, 2015** | **$197,546.54** |

17. On or about the dates of the tax assessments described in paragraph 16, above, a delegate of the Secretary of the Treasury of the United States of America gave notice of those assessments to, and made a demand for payment of the balance due upon, Leonard D. Moline.

18. Despite such notice and demand, Leonard D. Moline failed, neglected, or refused to fully pay the liabilities described in paragraph 16, above, and, as of December 21, 2015, the Estate remains indebted to the United States of America for those liabilities, after taking into account all payments, credits, abatements, accruals, and costs, in the amount of $1,408,708.64, plus statutory additions and interest according to law from December 21, 2015.

**Count II: Enforce Federal Tax Liens Against the First Indiana Property**

19. The United States incorporates paragraphs 1 through 18, above.

20. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Leonard D. Moline, including the First Indiana Property.

21. On each of the following days, the Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), with the Morgan County Recorder's Office:

| Tax Type | Tax Period Ending | Date the Notice of Federal Tax Lien Was Filed in the Name of Leonard D. Moline |
|---|---|---|
| Income | 12/31/2005 | 03/05/2010 |
|  | 12/31/2006 | 03/05/2010 |

22. On July 13, 2010, the United States filed a Certificate of Release of Federal Tax Lien with the Morgan County Recorder's Office, which released the United States' tax liens against Debra L. Moline for unpaid federal income taxes for the tax year ending December 31, 2005, after she was granted "innocent spouse" relief from joint liability under 26 U.S.C. § 6015. Such filing did not release the federal tax liens against Leonard D. Moline for that tax period.

23. On January 5, 2011, the United States filed a Certificate of Release of Federal Tax Lien with the Morgan County Recorder's Office, which released the United States' tax liens against Debra L. Moline for unpaid federal income taxes for the tax year ending December 31, 2006, after she was granted "innocent spouse" relief from joint liability under 26 U.S.C. § 6015. Such filing did not release the federal tax liens against Leonard D. Moline for that tax period.

24. Leonard D. Moline's interest in the Property was transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal income tax assessments against him for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

25. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Property, to have the Property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

### Count III: Set Aside Leonard D. Moline's Transfer of His Interest in the First Indiana Property to Debra L. Moline as a Fraudulent Transfer

26. The United States incorporates paragraphs 1 through 25, above.

27. At the time of the purported transfer of record title to the First Indiana Property to Leonard D. and Debra L. Moline as Husband and Wife, as described in paragraph 7 above, Leonard D. Moline had accrued substantial federal income tax liabilities to the Internal Revenue Service.

28. The purported transfer of record title described in paragraph 7, above, was made without receiving reasonably equivalent value and either was made with intent to defraud the United States or, in the alternative, Leonard D. Moline reasonably should have believed that he would incur debts beyond his ability to pay as the debts became due. The purported transfer was therefore fraudulent under Ind. Code § 32-18-2-14.

29. The purported transfer of record title described in paragraph 7, above, was a transfer made without receiving reasonably equivalent value in exchange, and either was made while Leonard D. Moline was insolvent or, in the alternative, when combined with the other conveyances described in this complaint, rendered Leonard D. Moline insolvent. The purported transfer of record title was therefore fraudulent under Ind. Code § 32-18-2-15.

30. Pursuant to Ind. Code § 32-18-2-17, the United States is entitled to avoid the purported transfer of record title described in paragraph 7, and to have the Property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

### Count IV:  Enforce Federal Tax Liens Against the Second, Third, and Fourth Indiana Properties

31. The United States incorporates paragraphs 1 through 30, above.

32. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Leonard D. Moline, including the Second, Third, and Fourth Indiana Properties.

33. Leonard D. Moline's interest in the Second, Third, and Fourth Property was transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

34. Leonard D. Moline's interest in the Second, Third, and Fourth Indiana Properties was transferred from Debra L. Moline to Jesse K. Moline subject to the United States' tax liens, with respect to the federal tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

35. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Second, Third, and Fourth Indiana Properties, to have such properties sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

### Count V:  Judgment Against Debra L. Moline and Jesse K. Moline

36. The United States incorporates paragraphs 1 through 35, above.

37. Leonard D. Moline's transfer of the Second, Third, and Fourth Indiana Properties to Debra L. Moline was a fraudulent transfer as to the United States in respect to the tax

liabilities of Leonard D. Moline for years subsequent to 2006 pursuant to Indiana Code §§ 32-18-2-14 and/or 32-18-2-15.

38. Leonard D. Moline's transfer of the Second, Third, and Fourth Indiana Properties to Debra L. Moline is voidable under Indiana Code § 32-18-2-17.

39. Debra L. Moline subsequently transferred the Second, Third, and Fourth Indiana Properties to Jesse K. Moline.

40. Jesse K. Moline was not a good faith transferee for value of the Second, Third, and Fourth Indiana Properties.

41. Pursuant to Indiana Code § 32-18-2-18(b)(1), the United States is entitled to a judgment against Debra L. Moline and Jesse K. Moline, jointly and severally, equal to the lesser of the value of the Second, Third, and Fourth Indiana Properties or the amount necessary to satisfy Leonard D. Moline's outstanding federal income tax liabilities.

**Count IV:  Enforce Federal Tax Liens Against the Fifth Indiana Property**

42. The United States incorporates paragraphs 1 through 41, above.

43. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Leonard D. Moline, including Leonard D. Moline's rights under the land contract and his equitable interest in the Fifth Indiana Property.

44. Leonard D. Moline's rights under the land contract and his interest in the Fifth Indiana Property were transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

45. Leonard D. Moline's former rights under the land contract and former interest in the Fifth Indiana Property was transferred from Debra L. Moline to Jesse K. Moline subject to

the United States' tax liens, with respect to the federal tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

46.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon Leonard D. Moline's interest in the Fifth Indiana Property, to have such properties sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

### Count V:  Judgment Against Debra L. Moline and Jesse K. Moline

47.     The United States incorporates paragraphs 1 through 46, above.

48.     Leonard D. Moline's transfer of his rights under the land contract and his interest in the Fifth Indiana Property to Debra L. Moline was a fraudulent transfer as to the United States pursuant to Indiana Code §§ 32-18-2-14 and/or 32-18-2-15.

49.     Leonard D. Moline's transfer of rights under the land contract and his interest in the Fifth Indiana Property to Debra L. Moline is voidable under Indiana Code § 32-18-2-17.

50.     Debra L. Moline subsequently transferred Leonard D. Moline's former rights under the land contract and interest in the Fifth Indiana Property to Jesse K. Moline.

51.     Jesse K. Moline was not a good faith transferee for value of the Fifth Indiana Property.

52.     Pursuant to Indiana Code § 32-18-2-18(b)(1), the United States is entitled to a judgment against Debra L. Moline and Jesse K. Moline, jointly and severally, equal to the lesser of the value of the Fifth Indiana Property or the amount necessary to satisfy Leonard D. Moline's outstanding federal income tax liabilities.

### Count VI: Determine that the Federal Tax Liens Attach to the Florida Property

53. The United States incorporates paragraphs 1 through 52, above.

54. Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Leonard D. Moline, including the Florida Property.

55. Leonard D. Moline's interest in the Florida Property was transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

56. The United States is thus entitled to a determination, binding on Debra L. Moline, that the federal tax liens that arose with respect to the federal income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, attach to the Florida Property. (The IRS has filed a Notice of Federal Tax Lien in Santa Rosa County, Florida, against Debra L. Moline as the nominee or transferee of Leonard D. Moline, giving record notice of its contention that the tax liens attach.)

### Count VII: Judgment Against Debra L. Moline

57. The United States incorporates paragraphs 1 through 56, above.

58. Leonard D. Moline's transfer of his interest in the Florida Property to Debra L. Moline, which took place in Indiana, was a fraudulent transfer as to the United States pursuant to Indiana Code §§ 32-18-2-14 and/or 32-18-2-15.

59. Leonard D. Moline's transfer of his interest in the Florida Property to Debra L. Moline is voidable under Indiana Code § 32-18-2-17.

60.     Pursuant to Indiana Code § 32-18-2-18(b)(1), the United States is entitled to a judgment against Debra L. Moline equal to the lesser of the value of the Florida Property or the amount necessary to satisfy Leonard D. Moline's outstanding federal income tax liabilities.

WHEREFORE, the United States of America prays that:

A.     The Court enter judgment in favor of plaintiff United States of America and against defendant Leonard D. Moline for unpaid federal income tax liabilities for the tax years ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, and December 31, 2009, in the total amount of $1,408,708.64, plus statutory additions and interest accruing from December 21, 2015, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.     The Court enforce the federal tax liens and order the entire First Indiana Property sold, free and clear of all rights, title, liens, claims, and interests of the parties, including any rights of redemption, and distribute the proceeds, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to the United States of America, or as otherwise determined by the Court;

C.     The Court determine and adjudge that the purported transfer of record title to the First Indiana Property described in paragraph 7, above, was a fraudulent transfer, and allow the United States to set aside that transfer, and enforce the federal tax liens against the Property for the income tax years ending December 31, 2007, December 31, 2008, and December 31, 2009, if value remains after satisfying the tax liens for years ending December 31, 2005, and December 31, 2006;

D.     The Court enforce the federal tax liens and order the entire Second, Third, and Fourth Indiana Properties sold, free and clear of all rights, title, liens, claims, and interests of the parties, including any rights of redemption, and distribute the proceeds, after the payment of the

costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to the United States of America, or as otherwise determined by the Court;

  E. The Court determine and adjudge that the purported transfer of record title to the Second, Third, and Fourth Indiana Properties described in paragraph 7, above, was a fraudulent transfer, and therefore enter judgment against Debra L. Moline and Jesse K. Moline, jointly and severally, in an amount equal to the lesser of the value of the Second, Third, and Fourth Indiana Properties or Leonard D. Moline's outstanding tax liabilities;

  F. The Court enforce the federal tax liens and order the entire Fifth Indiana Property sold, free and clear of all rights, title, liens, claims, and interests of the parties, including any rights of redemption, and distribute the proceeds, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to the United States of America, or as otherwise determined by the Court;

  G. The Court determine and adjudge that the purported transfer of record title to the Fifth Indiana Property described in paragraph 11, above, was a fraudulent transfer, and therefore enter judgment against Debra L. Moline and Jesse K. Moline, jointly and severally, in an amount equal to the lesser of the value of the Fifth Indiana Property or Leonard D. Moline's outstanding tax liabilities;

  H. The Court determine that the purported transfer of record title to the Florida Property described in paragraph 15, above, was made subject to the United States' tax liens for tax years 2005 and 2006;

  I. The Court determine and adjudge that the purported transfer of record title to the Florida Property described in paragraph 15, above, was a fraudulent transfer as to the tax liabilities for years after 2006, and therefore enter judgment against Debra L. Moline in an

amount equal to the lesser of the value of the Florida Property or Leonard D. Moline's outstanding tax liabilities for such years;

J. The Court determine that any failure by any defendant other than the Defendant Estate of Leonard D. Moline and any governmental entity holding a lien securing unpaid real property tax under 26 U.S.C. § 6323(b)(6), to timely plead a right, title, claim, or interest in the Property shall result in a default being entered against that party and a default judgment holding that said party has no right, title, claim, lien, or other interest in the Property; and

K. The Court award the United States such further relief, including the costs of this action, that the Court deem just and proper.

Respectfully submitted,

CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov