IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:15-cv-2053-WTL-MJD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ESTATE OF LEONARD D. MOLINE, | ) | |
| DECEASED, | ) | |
| DEBRA L. MOLINE, | ) | |
| JESSE K. MOLINE, | ) | |
| INDIANA  DEPARTMENT OF REVENUE, | ) | |
| and MORGAN COUNTY, INDIANA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ESTATE LEONARD D. MOLINE, DECEASED, DEBRA L. MOLINE
AND JESSE K. MOLINE'S ANSWER TO AMENDED COMPLAINT**

Defendants, Estate of Leonard D. Moline, deceased, Debra L. Moline and Jesse K.

Moline ("Moline"), by counsel, hereby respond to Plaintiff, United States of America's

Amended Complaint as follows:

**Jurisdiction, Venue, and Parties**

1.      Jurisdiction over this action arises under 28 U.S.C. §§ 1331, 1340 and 1345,

26 U.S.C. §§ 7402(a) and 7403.

**ANSWER:  The allegations contained in Paragraph 1 of the Amended Complaint
are legal conclusions, which do not require a response.  To the extent a response is
required, Moline admits the allegations contained in Paragraph 1 of the Amended
Complaint.**

2.      Defendant Debra L. Moline resides in Mooresville, Indiana, which is within the

jurisdiction of this Court.  At the time of his death, Leonard D. Moline also resided in

Mooresville, Indiana.

**ANSWER: Moline admits the allegations contained in Paragraph 2 of the Amended
Complaint.**

3.    Defendant Jesse K. Moline resides in Mooresville, Indiana, which is within the jurisdiction of this Court.

**ANSWER:  Moline admits the allegations contained in Paragraph 3 of the Amended Complaint.**

4.    Defendant Indiana Department of Revenue is named as a defendant because it has, or may claim, an interest in the real properties with respect to which the United States seeks to enforce its tax liens and/or set aside a fraudulent conveyance.

**ANSWER:  The allegations contained in Paragraph 4 of the Amended Complaint do not assert an allegation against Moline.  To the extent a response is required, Moline is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint and therefore denies the same.**

5.    Defendant Morgan County, Indiana, is named as a defendant in this case because it has, or may claim, an interest in the real property with respect to which the United States seeks to enforce its tax liens and/or set aside a fraudulent conveyance.

**ANSWER:  The allegations contained in Paragraph 5 of the Amended Complaint do not assert an allegation against Moline.  To the extent a response is required, Moline is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint and therefore denies the same.**

**The Properties**

*The First, Second, Third, and Fourth Indiana Properties*

6.    By Warranty Deed dated September 5, 2000, Jack L. Williams conveyed to Leonard D. Moline four parcels of real property located in Mooresville, Morgan County, Indiana, that are legally described, as follows:

PARCEL I (the "First Indiana Property"):

Part of the Northeast Quarter of Section 32, Township 13 North, Range 2 East, in Morgan County, Indiana, described as follows, to-wit:

Beginning 74 rods south of the Northwest comer of the Northeast Quarter of said section; thence South 48 rods; thence. east to the East line of said tract; thence North 48 rods; thence west to the PLACE OF BEGINNING.

(PID #55-06-32-200-004.000-015)

Commonly known as: 6865 N. Gray Road, Mooresville. IN 46158

PARCEL II (the "Second Indiana Property"):

The Southeast Quarter of Fractional Section 32, Township 13 North, Range 2 East, Morgan County, Indiana, containing 155.80 acres, more or less.

(PID #55-06-32-400-001.000-015)

PARCEL III (the "Third Indiana Property"):

A Part of the Northeast Quarter of Section 32, Township 13 North, Range 2 East, Morgan County, Indiana, described as follows, to-wit:

Beginning at a point 122 rods South of the Northwest comer of said tract~-and running East to the East line of said tract, thence South to the Southeast comer of said tract, thence West to the Southwest corner of said tract, thence North to the PLACE OF BEGINNING, containing 38 acres, more or less.

(PID #55-06-32-200-005.000-015)

Commonly known as: 6813 North Gray Road, Mooresville, IN 46158

PARCEL IV (the "Fourth Indiana Property")

Part of the Northeast Quarter of Section 32, Township 13 North, Range 2 East, in Morgan County, Indiana, described as follows, to-wit:

Beginning 74 rods south of the Northwest comer of the Northeast Quarter of said section; thence South 48 rods; thence east to the East line of said tract; thence North 48 rods; thence west to the PLACE OF BEGINNING.

PID #55-06-32-200-004.000-015

The single deed used to convey all four above parcels was recorded on September 6, 2000, with

the Morgan County Recorder, at Book 435, Page 374.

**ANSWER:  Moline denies the allegations contained in Paragraph 6 of the Amended Complaint.**

7.      By Quitclaim Deed dated August 22, 2009, Leonard D. Moline purported to convey the First, Second, Third, and Fourth Indiana Properties to Leonard D. Moline and Debra L. Moline, husband and wife.  The deed was recorded on September 1, 2009, with the Morgan County Recorder, at Document 200909156.

**ANSWER:  Moline admits that by Quitclaim Deed dated August 22, 2009, Leonard D. Moline conveyed the Property to Leonard D. Moline and Debra L. Moline, husband and wife, that the deed was recorded on September 1, 2009, with the Morgan County Recorder, as Document 200909156, and that the Quitclaim Deed speaks for itself.  Moline denies the remaining allegations contained in Paragraph 7 of the Amended Complaint, if any.**

8.      On October 21, 2009, Debra L. Moline filed a "Survivorship Affidavit" with the Morgan County Recorder, which was recorded at Document 200910957, purporting to effect the transfer of the Property to her as the survivor of Leonard D. Moline.

**ANSWER:  Moline admits that Debra L. Moline filed a "Survivorship Affidavit" with the Morgan County Recorder, and states that the Survivorship Affidavit speaks for itself.  Moline is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Amended Complaint and therefore denies the same.**

9.      By Warranty Deed dated January 25, 2010, Debra L. Moline conveyed the Second, Third, and Fourth Indiana Properties to Jesse K. Moline, retaining title only to the First Indiana Property.  The Warranty Deed was recorded on January 27, 2010, with the Morgan County Recorder as Document 201000749.

**ANSWER:  Moline admits that by Warranty Deed dated January 25, 2010, Debra L. Moline conveyed the Second, Third, and Fourth Indiana Properties to Jesse K. Moline, that the deed was filed with the Morgan County Recorder, as Document 201000749, and that the Warranty Deed speaks for itself.  Moline denies the remaining allegations contained in Paragraph 9 of the Amended Complaint, if any.**

*The Fifth Indiana Property*

10.    By a Land Contract dated July 1, 2003 (the "Land Contract"), John P. Russell and

Julia Ann Russell agreed to convey to Leonard D. Moline for a stated sum a parcel of real

property located at 6551 N. Gray Road, Mooresville, Morgan County, Indiana (the "Fifth Indiana

Property"), which is legally described, as follows:

> The Southwest Quarter of Section 32, Township 13 North, Range 2
> East.
>
> EXCEPTING THEREFROM:
>
> PARCEL 1
>
> Part of the Southwest Quarter of Section 32, Township 13 North,
> Range 2 East, Clay Township, Morgan County, Indiana, more
> particularly described as follows:  COMMENCING at a stone
> found at the Northeast corner of the Northwest Quarter of said
> Section 32, thence South 00 degrees 00 minutes 00 seconds East
> along the East line of the Northwest Quarter and along the East
> line of the Southwest Quarter 4056.02 feet to a rebar with cap set
> at the point of beginning; thence continuing South 00 degrees 00
> minutes 00 seconds East along said East line 84.53 feet to a rebar
> with cap; thence South 49 degrees 20 minutes 20 seconds West
> 371.57 feet to a rebar with cap; thence South 64 degrees 58
> minutes 23 seconds West 122.95 feet to a rebar with cap; thence
> North 37 degrees 26 minutes 32 seconds West 384.00 feet to a
> rebar with cap; thence North 532 degrees 23 minutes 18 seconds
> East 127.48 feet to a rebar with cap; thence South 89 degrees 33
> minutes 38 seconds East along a fence line 525.76 feet to the point
> of beginning, containing 3.388 acre, more or less.
>
> PARCEL 2
>
> A 24.00 foot wide ingress and egress easement with said easement
> being 12.00 feet on each side of the following described centerline:
> COMMENCING at a rebar with cap set at the Northeast corner of
> the above described 3.388 acre parcel; thence North 89 degrees 33
> minutes 38 seconds West along the North line of said parcel
> 414.67 feet to the beginning of said center line description; thence
> North 00 degrees 10 minutes 35 seconds West 332.44 feet; thence
> North 35 degrees 05 minutes 30 seconds West 34.99 feet; thence
> North 78 degrees 17 minutes 44 seconds West 65.94 feet; thence
> North 88 degrees 46 minutes 25 seconds West 304.84 feet; thence
> North 79 degrees 07 minutes 32 seconds West 110.58 feet; thence

North 64 degrees 37 minutes 38 seconds West 51.71 feet to Gray Road, being the end of said centerline description.

ALSO TOGETHER WITH a septic field easement, which is created herein for the benefit of the above-described parcel, commencing at a rebar with cap set at the Northeast corner of the above described 3.388 acre parcel; thence North 89 degrees 33 minutes 38 seconds West along the North line of said parcel 279.26 feet to the point of beginning of said easement; thence continuing North 89 degrees 33 minutes 38 seconds West along said North line 50.00 feet; thence North 00 degrees 26 minutes 21 seconds East 90.00 feet; thence South 89 degrees 33 minutes 39 seconds East 50.00 feet; thence South 00 degrees 26 minutes 21 seconds West 90.00 feet to the point of beginning. (Prior Deed Reference recorded September 7, 1989, in Deed Record 327, page 18)

ALSO, TOGETHER WITH a water line easement, which is created herein for the benefit of the above-described parcel, commencing at a rebar with cap set at the Northeast corner of the above described 3.388 acre parcel; thence North 89 degrees 33 minutes 38 seconds West along the North line of said parcel 380.76 feet to the point of beginning of said easement; thence continuing North 89 degrees 33 minutes 38 seconds West along said North line 75.00 feet; thence North 00 degrees 26 minutes 21 seconds East 10.00 feet; thence South 89 degrees 33 minutes 28 seconds East 75.00 feet; thence South 00 degrees 26 minutes 21 seconds West 10.00 feet to the point of beginning. (Prior Deed Reference recorded September 7, 1989, in Deed Record 327, page 18).

**ANSWER: Moline admits the allegations contained in Paragraph 10 of the Amended Complaint.**

11. By Quitclaim Deed/Assignment dated August 22, 2009, Leonard D. Moline purported to convey and assign his interest in the Fifth Indiana Property, pursuant to the terms and conditions of the Land Contract, to Leonard D. Moline and Debra L. Moline, Husband and Wife. The Quitclaim Deed/Assignment was recorded on September 1, 2009, with the Morgan County Recorder as Document No. 200909157.

**ANSWER: Moline admits that Leonard D. Moline conveyed his interest in the Fifth Indiana Property to Leonard D. Moline and Debra L. Moline, husband and wife, that the deed was recorded on September 1, 2009, with the Morgan County Recorder, as Document**

200909157, and that the Quitclaim Deed speaks for itself.  Moline denies the remaining allegations contained in Paragraph 11 of the Amended Complaint, if any.

12.    By Warranty Deed dated October 19, 2009, John P. Russell and Julia Ann Russell conveyed the Fifth Indiana Property to Debra L. Moline.  The Warranty Deed stated that it was executed "in satisfaction of an unrecorded Land Contract by and between Leonard D. Moline, as Purchaser, and John P. Russell and Julia Ann Russell, husband and wife, dated July 1, 2003.  The Warranty Deed was recorded on October 21, 2009, with the Morgan County Recorder as Document 200910959.

**ANSWER:  Moline admits that John P. Russell and Julia Ann Russell conveyed the Fifth Indiana Property to Debra L. Moline, that the deed was recorded on October 21, 2009, with the Morgan County Recorder, as Document 200910959, and that the Warranty Deed speaks for itself.  Moline denies the remaining allegations contained in Paragraph 12 of the Amended Complaint, if any.**

13.    By Warranty Deed dated January 25, 2010, Debra L. Moline conveyed the Fifth Indiana Property to Jesse K. Moline.  The Warranty Deed was recorded on January 27, 2010, with the Morgan County Recorder as Document 201000749.

**ANSWER:   Moline admits that Debra L. Moline conveyed the Fifth Indiana Property to Jesse K. Moline, that the deed was recorded on January 27, 2010, with the Morgan County Recorder, as Document 201000749, and that the Warranty Deed speaks for itself.  Moline denies the remaining allegations contained in Paragraph 13 of the Amended Complaint, if any.**

*The Florida Property*

14.    By assignment dated May 30, 1996, Three "G" Company, assigned to Leonard D. Moline the remainder of a 99-year lease, which commenced on August 30, 1967, with an option to renew for an additional 99 years without any additional consideration, for a parcel of real property located at 7619 Gulf Blvd., Navarre, Florida (the "Florida Property"), which is legally described, as follows:

> Lot 19, Block 50, RESIDENTIAL SECTION 1, NAVARRE
> BEACH SUBDIVISION, as recorded in Plat Book 5 page 91 in the
> Public Records of Escambia County, Florida and Plat Book B,

pages 90, 91 and 92 in the Public Records of Santa Rosa County,
Florida.

**ANSWER:** **Moline admits the allegations contained in Paragraph 14 of the Amended Complaint.**

15.     By Quit Claim Deed dated August 22, 2009, Leonard D. Moline purported to

convey his interest in the Florida Property to Leonard D. Moline and Debra L. Moline, husband

and wife.  The Quit Claim Deed was prepared and executed in Indiana. The Quit Claim Deed

was recorded on August 25, 2009 with the Clerk of Santa Rosa County at Book 2924 Page 1485.

**ANSWER:** **Moline admits that Leonard D. Moline conveyed his interest in the Florida Property to Leonard D. Moline and Debra L. Moline, husband and wife, that the deed was recorded on August 25, 2009, with the Clerk of Santa Rosa County at Book 2924, Page 1485, and that the Quit Claim Deed speaks for itself.  Moline denies the remaining allegations contained in Paragraph 15 of the Amended Complaint, if any.**

### Count I: Reduce Leonard D. Moline's Unpaid Tax Liabilities to Judgment

16.     On the dates, in the amounts, and for the taxable periods set forth below, a

delegate of the Secretary of the Treasury made assessments against Leonard D. Moline for

unpaid federal income taxes, penalties, and interest, which have balances due after accounting

for all payments and credits and with accruals and costs as of December 21, 2015, as follows:

| Tax Year | Assessment Date | Assessment Type | Assessed Amount |
|---|---|---|---|
| 2005 | 06/12/2006 | Bad Check Penalty | $82.78 |
| | 07/10/2006 | Tax Assessed | $4,966.00 |
| | 07/10/2006 | Failure to Pre-Pay Penalty | $161.00 |
| | 07/10/2006 | Late Payment Penalty | $59.67 |
| | 07/10/2006 | Late Payment Interest | $67.72 |
| | 11/17/2008 | Additional Tax Assessed | $53,199.00 |
| | 11/17/2008 | Accuracy-Related Penalty | $10,833.00 |
| | 11/17/2008 | Late Payment Interest | $13,415.90 |
| | 10/17/2011 | Late Payment Penalty | $13,509.41 |
| | | **Unpaid Balance with Interest as of December 21, 2015** | **$96,475.45** |
| 2006 | 06/25/2007 | Bad Check Penalty | $125.18 |
| | 07/16/2007 | Tax Assessed | $6,049.00 |
| | 07/16/2007 | Failure to Pre-Pay Penalty | $210.00 |
| | 07/16/2007 | Late Payment Penalty | $120.98 |
| | 07/16/2007 | Late Payment Interest | $123.77 |
| | 12/01/2008 | Additional Tax Assessed | $65,304.00 |

| Tax Year | Assessment Date | Assessment Type | Assessed Amount |
|---|---|---|---|
| | 12/01/2008 | Accuracy-Related Penalty | $13,055.44 |
| | 10/17/2011 | Late Payment Penalty | $17,256.64 |
| | | **Unpaid Balance with Interest as of December 21, 2015** | **$124,059.91** |
| 2007 | 09/17/2012 | Tax Assessed | $297,674.00 |
| | 09/17/2012 | Failure to Pre-Pay Penalty | $3,842.79 |
| | 09/17/2012 | Late Filing Penalty | $66,966.98 |
| | 09/17/2012 | Late Payment Interest | $69,285.20 |
| | 09/17/2012 | Late Payment Penalty | $74,407.75 |
| | | **Unpaid Balance with Interest as of December 21, 2015** | **$564,811.64** |
| 2008 | 09/17/2012 | Tax Assessed | $232,470.00 |
| | 09/17/2012 | Failure to Pre-Pay Penalty | $7,469.59 |
| | 09/17/2012 | Late Filing Penalty | $52,298.33 |
| | 09/17/2012 | Late Payment Interest | $36,701.41 |
| | 09/17/2012 | Late Payment Penalty | $48,811.77 |
| | | **Unpaid Balance with Interest as of December 21, 2015** | **$425,815.10** |
| 2009 | 09/12/2012 | Tax Assessed | $112,094.00 |
| | 09/12/2012 | Failure to Pre-Pay Penalty | $2,683.75 |
| | 09/12/2012 | Late Filing Penalty | $25,220.93 |
| | 09/12/2012 | Late Payment Interest | $12,166.64 |
| | 09/12/2012 | Late Payment Penalty | $16,814.10 |
| | | **Unpaid Balance with Interest as of December 21, 2015** | **$197,546.54** |

**ANSWER:  Moline is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies the same.**

17.    On or about the dates of the tax assessments described in paragraph 16, above, a delegate of the Secretary of the Treasury of the United States of America gave notice of those assessments to, and made a demand for payment of the balance due upon, Leonard D. Moline.

**ANSWER:    Moline denies that any estate exists for Leonard D. Moline and therefore denies the allegations contained in Paragraph 17 of the Amended Complaint.**

18.    Despite such notice and demand, Leonard D. Moline failed, neglected, or refused to fully pay the liabilities described in paragraph 16, above, and, as of December 21, 2015, the Estate remains indebted to the United States of America for those liabilities, after taking into

account all payments, credits, abatements, accruals, and costs, in the amount of $1,408,708.64,

plus statutory additions and interest according to law from December 21, 2015.

**ANSWER:  Moline is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies the same.**

**Count II: Enforce Federal Tax Liens Against the First Indiana Property**

19.     The United States incorporates paragraphs 1 through 18, above.

**ANSWER:  Moline incorporates herein by reference Paragraphs 1 through 18 of this Answer as if fully stated herein.**

20.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth

in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and

rights to property belonging to Leonard D. Moline, including the First Indiana Property.

**ANSWER:  Moline is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies the same.**

21.     On each of the following days, the Internal Revenue Service filed a Notice of

Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), with the Morgan County Recorder's

Office:

| Tax Type | Tax Period Ending | Date the Notice of Federal Tax Lien Was Filed in the Name of Leonard D. Moline |
|----------|-------------------|-------------------------------------------------------------------------------|
| Income | 12/31/2005 | 03/05/2010 |
| | 12/31/2006 | 03/05/2010 |

**ANSWER:  Moline is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies the same.**

22.     On July 13, 2010, the United States filed a Certificate of Release of Federal Tax

Lien with the Morgan County Recorder's Office, which released the United States' tax liens

against Debra L. Moline for unpaid federal income taxes for the tax year ending December 31,

2005, after she was granted "innocent spouse" relief from joint liability under 26 U.S.C. § 6015.

Such filing did not release the federal tax liens against Leonard D. Moline for that tax period.

**ANSWER:** **Moline admits that Debra L. Moline was granted "innocent spouse" relief from joint liability under 26 U.S.C. § 6015 for the tax year ending December 31, 2005, that a Certificate of Release of Federal Tax Lien was filed with the Morgan County Recorder's Office and states that the Certificate of Release speaks for itself. Moline is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Amended Complaint and therefore denies the same.**

23.     On January 5, 2011, the United States filed a Certificate of Release of Federal Tax Lien with the Morgan County Recorder's Office, which released the United States' tax liens against Debra L. Moline for unpaid federal income taxes for the tax year ending December 31, 2006, after she was granted "innocent spouse" relief from joint liability under 26 U.S.C. § 6015. Such filing did not release the federal tax liens against Leonard D. Moline for that tax period.

**ANSWER:** **Moline admits that Debra L. Moline was granted "innocent spouse" relief from joint liability under 26 U.S.C. § 6015 for the tax year ending December 31, 2006, that a Certificate of Release of Federal Tax Lien was filed with the Morgan County Recorder's Office and states that the Certificate of Release speaks for itself. Moline is presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Amended Complaint and therefore denies the same.**

24.     Leonard D. Moline's interest in the Property was transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal income tax assessments against him for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

**ANSWER:** **Moline denies the allegations contained in Paragraph 24 of the Amended Complaint.**

25.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Property, to have the Property sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as

permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the

Court.

**ANSWER:** **Moline denies the allegations contained in Paragraph 25 of the Amended Complaint.**

**Count III:  Set Aside Leonard D. Moline's Transfer of His Interest in the First Indiana Property to Debra L. Moline as a Fraudulent Transfer**

26.    The United States incorporates paragraphs 1 through 25, above.

**ANSWER:  Moline incorporates herein by reference Paragraphs 1 through 25 of this Answer as if fully stated herein.**

27.    At the time of the purported transfer of record title to the First Indiana Property to

Leonard D. and Debra L. Moline as Husband and Wife, as described in paragraph 7 above,

Leonard D. Moline had accrued substantial federal income tax liabilities to the Internal Revenue

Service.

**ANSWER:  Moline is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint and therefore denies the same.**

28.    The purported transfer of record title described in paragraph 7, above, was made

without receiving reasonably equivalent value and either was made with intent to defraud the

United States or, in the alternative, Leonard D. Moline reasonably should have believed that he

would incur debts beyond his ability to pay as the debts became due.  The purported transfer was

therefore fraudulent under Ind. Code § 32-18-2-14.

**ANSWER:  The allegations contained in Paragraph 28 of the Amended Complaint are legal conclusions which do not require a response.  To the extent a response is required, Moline denies the allegations contained in Paragraph 28 of the Amended Complaint.**

29.    The purported transfer of record title described in paragraph 7, above, was a

transfer made without receiving reasonably equivalent value in exchange, and either was made

while Leonard D. Moline was insolvent or, in the alternative, when combined with the other

conveyances described in this complaint, rendered Leonard D. Moline insolvent. The purported

transfer of record title was therefore fraudulent under Ind. Code § 32-18-2-15.

**ANSWER: The allegations contained in Paragraph 29 of the Amended Complaint are legal conclusions which do not require a response. To the extent a response is required, Moline denies the allegations contained in Paragraph 29 of the Amended Complaint.**

30.     Pursuant to Ind. Code § 32-18-2-17, the United States is entitled to avoid the

purported transfer of record title described in paragraph 7, and to have the Property sold at a

judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any

rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale

and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United

States or as otherwise determined by the Court.

**ANSWER: The allegations contained in Paragraph 30 of the Amended Complaint are legal conclusions which do not require a response. To the extent a response is required, Moline denies the allegations contained in Paragraph 30 of the Amended Complaint.**

### Count IV: Enforce Federal Tax Liens Against the Second, Third, and Fourth Indiana Properties

31.     The United States incorporates paragraphs 1 through 30, above.

**ANSWER: Moline incorporates herein by reference Paragraphs 1 through 30 of this Answer as if fully stated herein.**

32.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth

in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and

rights to property belonging to Leonard D. Moline, including the Second, Third, and Fourth

Indiana Properties.

**ANSWER: The allegations contained in Paragraph 32 of the Amended Complaint are legal conclusions which do not require a response. To the extent a response is required, Moline denies the allegations contained in Paragraph 32 of the Amended Complaint.**

33.     Leonard D. Moline's interest in the Second, Third, and Fourth Property was

transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal

income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

**ANSWER:** **Moline denies the allegations contained in Paragraph 33 of the Amended Complaint.**

34.     Leonard D. Moline's interest in the Second, Third, and Fourth Indiana Properties was transferred from Debra L. Moline to Jesse K. Moline subject to the United States' tax liens, with respect to the federal tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

**ANSWER:** **Moline denies the allegations contained in Paragraph 34 of the Amended Complaint.**

35.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Second, Third, and Fourth Indiana Properties, to have such properties sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

**ANSWER:** **Moline denies the allegations contained in Paragraph 35 of the Amended Complaint.**

**Count V:  Judgment Against Debra L. Moline and Jesse K. Moline**

36.     The United States incorporates paragraphs 1 through 35, above.

**ANSWER:  Moline incorporates herein by reference Paragraphs 1 through 35 of this Answer as if fully stated herein.**

37.     Leonard D. Moline's transfer of the Second, Third, and Fourth Indiana Properties to Debra L. Moline was a fraudulent transfer as to the United States in respect to the tax liabilities of Leonard D. Moline for years subsequent to 2006 pursuant to Indiana Code §§ 32-18-2-14 and/or  32-18-2-15.

**ANSWER:** **Moline denies the allegations contained in Paragraph 37 of the Amended Complaint.**

38.     Leonard D. Moline's transfer of the Second, Third, and Fourth Indiana Properties

to Debra L. Moline is voidable under Indiana Code § 32-18-2-17.

**ANSWER:** **Moline denies the allegations contained in Paragraph 38 of the Amended Complaint.**

39.     Debra L. Moline subsequently transferred the Second, Third, and Fourth Indiana

Properties to Jesse K. Moline.

**ANSWER:** **Moline states that the allegations contained in Paragraph 39 of the Amended Complaint lack specificity with respect to time, admits only that Debra L. Moline conveyed the Second, Third, and Fourth Indiana Properties to Jesse K. Moline on January 25, 2010, and denies any other allegations contained in Paragraph 39 of the Amended Complaint.**

40.     Jesse K. Moline was not a good faith transferee for value of the Second, Third,

and Fourth Indiana Properties.

**ANSWER:** **Moline denies the allegations contained in Paragraph 40 of the Amended Complaint.**

41.     Pursuant to Indiana Code § 32-18-2-18(b)(1), the United States is entitled to a

judgment against Debra L. Moline and Jesse K. Moline, jointly and severally, equal to the lesser

of the value of the Second, Third, and Fourth Indiana Properties or the amount necessary to

satisfy Leonard D. Moline's outstanding federal income tax liabilities.

**ANSWER:** **Moline denies the allegations contained in Paragraph 41 of the Amended Complaint.**

**Count IV:  Enforce Federal Tax Liens Against the Fifth Indiana Property**

42.     The United States incorporates paragraphs 1 through 41, above.

**ANSWER:  Moline incorporates herein by reference Paragraphs 1 through 41 of this Answer as if fully stated herein.**

43.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth

in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and

rights to property belonging to Leonard D. Moline, including Leonard D. Moline's rights under the land contract and his equitable interest in the Fifth Indiana Property.

**ANSWER:** **Moline denies the allegations contained in Paragraph 43 of the Amended Complaint.**

44. Leonard D. Moline's rights under the land contract and his interest in the Fifth Indiana Property were transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

**ANSWER:** **Moline denies the allegations contained in Paragraph 44 of the Amended Complaint.**

45. Leonard D. Moline's former rights under the land contract and former interest in the Fifth Indiana Property was transferred from Debra L. Moline to Jesse K. Moline subject to the United States' tax liens, with respect to the federal tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

**ANSWER:** **Moline denies the allegations contained in Paragraph 45 of the Amended Complaint.**

46. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon Leonard D. Moline's interest in the Fifth Indiana Property, to have such properties sold at a judicial sale free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the costs of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

**ANSWER:** **Moline denies the allegations contained in Paragraph 46 of the Amended Complaint.**

## Count V: Judgment Against Debra L. Moline and Jesse K. Moline

47. The United States incorporates paragraphs 1 through 46, above.

**ANSWER: Moline incorporates herein by reference Paragraphs 1 through 46 of this Answer as if fully stated herein.**

48.   Leonard D. Moline's transfer of his rights under the land contract and his interest in the Fifth Indiana Property to Debra L. Moline was a fraudulent transfer as to the United States pursuant to Indiana Code §§ 32-18-2-14 and/or 32-18-2-15.

**ANSWER:   Moline denies the allegations contained in Paragraph 48 of the Amended Complaint.**

49.   Leonard D. Moline's transfer of rights under the land contract and his interest in the Fifth Indiana Property to Debra L. Moline is voidable under Indiana Code § 32-18-2-17.

**ANSWER:   Moline denies the allegations contained in Paragraph 49 of the Amended Complaint.**

50.   Debra L. Moline subsequently transferred Leonard D. Moline's former rights under the land contract and interest in the Fifth Indiana Property to Jesse K. Moline.

**ANSWER:   Moline states that the allegations contained in Paragraph 50 of the Amended Complaint lack specificity with respect to time, admits only that Debra L. Moline conveyed her interest in the Fifth Indiana Property to Jesse K. Moline on January 25, 2010, and denies any other allegations contained in Paragraph 50 of the Amended Complaint.**

51.   Jesse K. Moline was not a good faith transferee for value of the Fifth Indiana Property.

**ANSWER:   Moline denies the allegations contained in Paragraph 51 of the Amended Complaint.**

52.   Pursuant to Indiana Code § 32-18-2-18(b)(1), the United States is entitled to a judgment against Debra L. Moline and Jesse K. Moline, jointly and severally, equal to the lesser of the value of the Fifth Indiana Property or the amount necessary to satisfy Leonard D. Moline's outstanding federal income tax liabilities.

**ANSWER:   Moline denies the allegations contained in Paragraph 52 of the Amended Complaint.**

**Count VI: Determine that the Federal Tax Liens Attach to the Florida Property**

53.     The United States incorporates paragraphs 1 through 52, above.

**ANSWER:  Moline incorporates herein by reference Paragraphs 1 through 52 of this Answer as if fully stated herein.**

54.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraph 16, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Leonard D. Moline, including the Florida Property.

**ANSWER:  Moline denies the allegations contained in Paragraph 54 of the Amended Complaint.**

55.     Leonard D. Moline's interest in the Florida Property was transferred to Debra L. Moline subject to the United States' tax liens, with respect to the federal income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, as described in paragraph 16, above.

**ANSWER:  Moline denies the allegations contained in Paragraph 55 of the Amended Complaint.**

56.     The United States is thus entitled to a determination, binding on Debra L. Moline, that the federal tax liens that arose with respect to the federal income tax assessments for the tax years ending December 31, 2005, and December 31, 2006, attach to the Florida Property.  (The IRS has filed a Notice of Federal Tax Lien in Santa Rosa County, Florida, against Debra L. Moline as the nominee or transferee of Leonard D. Moline, giving record notice of its contention that the tax liens attach.)

**ANSWER:  Moline denies the allegations contained in Paragraph 56 of the Amended Complaint.**

**Count VII: Judgment Against Debra L. Moline**

57.     The United States incorporates paragraphs 1 through 56, above.

**ANSWER:  Moline incorporates herein by reference Paragraphs 1 through 56 of this Answer as if fully stated herein.**

58.    Leonard D. Moline's transfer of his interest in the Florida Property to Debra L. Moline, which took place in Indiana, was a fraudulent transfer as to the United States pursuant to Indiana Code §§ 32-18-2-14 and/or 32-18-2-15.

**ANSWER:    Moline denies the allegations contained in Paragraph 58 of the Amended Complaint.**

59.    Leonard D. Moline's transfer of his interest in the Florida Property to Debra L. Moline is voidable under Indiana Code § 32-18-2-17.

**ANSWER:    Moline denies the allegations contained in Paragraph 59 of the Amended Complaint.**

60.    Pursuant to Indiana Code § 32-18-2-18(b)(1), the United States is entitled to a judgment against Debra L. Moline equal to the lesser of the value of the Florida Property or the amount necessary to satisfy Leonard D. Moline's outstanding federal income tax liabilities.

**ANSWER:    Moline denies the allegations contained in Paragraph 60 of the Amended Complaint.**

## AFFIRMATIVE AND OTHER DEFENSES

For their Affirmative Defenses to Plaintiff's Amended Complaint, the Defendants, Estate of Leonard D. Moline, deceased, Debra L. Moline, and Jesse K. Moline, plead the following:

1.    No estate was opened for Leonard D. Moline following his death, and no administrator or personal representative was appointed. Thus, the estate lacks the capacity to be sued, and this Court lacks subject matter jurisdiction over claims against the purported estate.

2.    The purported tax liabilities for the tax years 2007-2009, as referenced above in Paragraph No. 16, are premised upon inaccurate information, are invalid, and do not properly reflect the true tax liabilities, if any, for those years.

3.     Debra L. Moline acquired her interests in the First, Second, Third, Fourth, and Fifth Indiana Properties and the Florida Property (collectively, the "Properties") as a joint tenant by the entirety and as a bona fide purchaser for value.

4.     Debra L. Moline's acquisition of her interests in the Properties as a joint tenant by the entirety was supported by adequate consideration, and/or Leonard D. Moline received a reasonably equivalent value in exchange for executing the corresponding deeds.

5.     The Plaintiff failed to perfect its purported liens prior to Leonard D. Moline's execution of the quitclaim deeds on August 22, 2009, deeding the Properties to himself and Debra L. Moline as joint tenants by the entirety.

6.     There was no transfer of property for purposes of the Indiana Uniform Fraudulent Transfer Act.

7.     Debra L. Moline's acquisition of her interests in the Properties as a joint tenant by the entirety did not render Leonard D. Moline insolvent for purposes of the Indiana Uniform Fraudulent Transfer Act.

8.     Leonard D. Moline did not reasonably believe that he would incur debts beyond his ability to pay as the debts became due at the time of the execution of the quitclaim deeds on August 22, 2009.

9.     Leonard D. Moline did not intend to defraud the Government by executing the quitclaim deeds on August 22, 2009.

10.     The Internal Revenue Service has already determined that there were no assets transferred between Leonard D. Moline and Debra L. Moline as part of a fraudulent scheme by such spouses and is estopped from asserting a fraudulent transfer.

11.     Jesse K. Moline was a good faith transferee for value of the Second, Third, Fourth, and Fifth Indiana Properties.

12.	Jesse K. Moline's acquisition of the Second, Third, Fourth, and Fifth Indiana Properties was supported by adequate consideration.

13.	The Plaintiff has failed to state a claim upon which relief can be granted.

14.	The Plaintiff's claims are barred by the doctrines of estoppel, laches, and waiver.

15.	Moline reserves the right to amend these affirmative defenses to the extent that additional facts become known to them with respect to the Government's claims.

Respectfully submitted,

/s/ Joshua J. Burress
Margaret M. Christensen, #27061-49
Brett J. Miller, #10197-49
Joshua J. Burress, #31917-49
*Attorneys for Defendants, Estate of Leonard D. Moline, deceased, Debra L. Moline and Jesse K. Moline*

BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204
(317) 635-8900
(317) 237-9907 (Facsimile)
mchristensen@bgdlegal.com
bmiller@bgdlegal.com
jburress@bgdlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2017, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

/s/ Joshua J. Burress

*Attorney for Defendants, Estate of Leonard D. Moline, deceased, Debra L. Moline and Jesse K. Moline*

17983871